In re LOVEL BLDG. CO., Inc., et al.
In re GODFREY ESTATES, Inc.
Nos. 302-51, 309-51, 310-51.

United States District Court
D. New Jersey.

Nov. 2, 1953.

Pachella & Chary, by Herbert Chary, Hackensack, N. J., for petitioners.

Andrew B. Crummy, by John J. Gibbons, Newark, N. J., for Joseph M. Henehan, trustee.

MODARELLI, District Judge.

Petitioners, John R. Gaumer and Merlyn G. Gaumer, creditors, seek review of the Referee's order of June 19, 1953, aggrieved by the failure of the Referee to order that their common-law vendee's lien of $2,750 attaches to the full amount of $7,500, the proceeds from the sale of the right, title, and interest of the trustee in and to property of Godfrey Estates, Inc., which property includes premises they contracted to purchase, said sale being made free and clear of the lien, if any, of the petitioners' contract. The $2,750 represents the deposit which the petitioners paid under an agreement dated March 5, 1951. Petitioners contend that their counsel and counsel for the trustee entered into a compromise agreement approved by the Referee; and that agreement should be so construed that the Gaumer lien attaches to the full amount of the proceeds of the sale.

Two questions must be disposed of here. (1) Does petitioners' lien attach to the full amount of the proceeds of the sale? (2) Was a compromise agreement entered into at the hearing of February 28, 1952, pursuant to 11 U.S.C.A. § 50 to the effect that petitioners' lien should attach to the full amount? At a hearing held, the Referee decided that the petitioners' lien rights are restricted to the particular property which they agreed to purchase, and that the petitioners failed to establish by competent proof that any equity existed in the proceeds of the sale, over and above prior valid liens, for payment to the petitioners.

Upon review of the record and consideration of the arguments of counsel, this court is of the opinion that the findings of the Referee are not so clearly erroneous as to require rejection or modification. See General Order 47, 11 U.S.C.A. following section 53. Despite petitioners' failure to impress their lien upon the entire proceeds of the sale of the real estate, was there a valid compromise agreement entered into between counsel for petitioners, counsel for the trustee, and approved by the court? This question must be answered in the negative.

Where there is a proposed compromise of any controversy in which the amount claimed by either party exceeds $1,000, creditors shall have at least ten days' notice by mail. 11 U.S.C.A. § 94, sub.

a(6). In the case at bar, the amount in controversy is $2,750 and although creditors were in court, it was not pursuant to a notice of a proposed compromise. The case cited by petitioners, Pullman Coach Co. v. Eshelman, 4 Cir., 1924, 1 F.2d 885, 886, is clearly distinguishable from the case at bar in that in the Pullman case, the notice of the meeting, pursuant to which creditors were in court, was a general notice to creditors that the purpose of the meeting was to pass on certain specified matters, as well as "to 'consider the claims of H. G. Barnes, Commercial National Bank, * * * and transact such other business as may come before said meeting.'" In that case, the Barnes claim and the Commercial National Bank claim were passed upon. In this case, the notice which brought creditors into court was a notice of an order to show cause "why the real estate [described] should not be sold at public auction with the liens, if any, to attach to the proceeds, and that the court, at the said time and place adjudge and determine the validity of the liens referred to in the Trustee's petition."

It is significant that while petitioners allege in their petition to the Referee for an order that "all" creditors received the notice, there is no allegation that "all" creditors were present at the subsequent hearing, the allegation being merely that "in the presence of creditors" the so-called compromise agreement was reached; nor is there any proof in the record that all creditors were present at the hearing.

■ General Order 33, 11 U.S.C.A. following section 53 requires the following procedure where a controversy is sought to be compromised:

"* * * trustee * * * shall make application to the court * * * the application shall clearly and distinctly set forth the subject matter of the controversy, and the reasons why it is proper and for the best interest of the estate that the controversy should be settled by * * * compromise."

11 U.S.C.A. § 50 provides:

"The receiver or trustee may, *with the approval of the court,* compromise any controversy arising in the administration of the estate upon such terms as he may deem for the best interest of the estate." (Emphasis supplied.)

The obvious purpose of the rules requiring notice to creditors and an application by the trustee to the court when there is a proposed compromise, is to afford an opportunity for all objecting creditors to prepare and present their views to the court. While petitioners aver that "all creditors received due notice of said hearing," such notice was of the hearing of the order to show cause why the offer for the purchase of one of the bankrupts' realty should not be accepted; no creditors ever received a notice that a compromise proposal would be presented. The cases cited by petitioners are not applicable where, as in the instant case, there is no allegation nor proof in the record that *all* creditors were present or represented in court when the discussion occurred which petitioners allege resulted in the compromise agreement. The obvious purpose of Section 50 is to require the approval of the court.

■■ Obviously the petitioners failed to proceed properly as required by the rules. I cannot understand petitioners' argument that a compromise agreement was entered into. A compromise is a mutual concession, a partial surrender. This is so elementary that it requires no extended discussion. Ross Packing Co. v. United States, D.C.E.D.Wash.S.D. 1942, 42 F.Supp. 932. If petitioners' interpretation of the so-called agreement of February 28, 1952, were to be adopted, viz., that the full amount of the Gaumer lien attaches to the full amount of the proceeds of $7,500, then nothing has been conceded. By claiming the *full* value of their lien, petitioners have not entered into a compromise agreement.

The Referee is, therefore, sustained.